OPINION
{¶ 1} Appellant Esmiralda Gonzalez, the natural mother of Landon Rumschlag, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which granted legal custody of the child to the paternal grandparents. Appellee is the natural father, Brock Rumschlag. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW WHEN IT GRANTED LEGAL CUSTODY TO A NON-MOVING PARTY, NON-PARENT, WITHOUT FILING A MOTION TO INTERVENE IN A LEGAL CUSTODY HEARING DENYING THE APPELLANT HER DUE PROCESS RIGHTS.
 {¶ 3} "II. THE TRIAL COURT COMMITTED ERROR AND ABUSED IT'S [SIC] DISCRETION WHEN IN [SIC] GRANTED LEGAL CUSTODY TO A NON-PARENT, NON-PARTY, AS AGAINST THE BEST INTEREST OF THE CHILD."
 {¶ 4} On April 27, 2005, the Stark County Department of Job and Family Services filed a complaint alleging Landon and his half-brother, who is not a party to this appeal, were dependent children. Because appellant was a minor at the time, JFS also filed a complaint concerning her. At the April 28 shelter care hearing, the court granted temporary custody to JFS and placed mother and children in a foster home.
 {¶ 5} Because of the length of time the case remained pending, the case was refilled and the court held a second shelter care hearing on July 25, 2005. The appellant filed a motion for legal custody of the children on July 29, 2005. On August 18, appellee filed a motion for custody and determination of his parental rights and responsibilities. After some delay, the parties stipulated to a finding of dependency. On October 6, at the dispositional hearing, the appellant withdrew her motion for legal custody, and stipulated to DHS taking temporary custody of the children. However, appellant objected to the court's consideration of the paternal grandparents as possible legal custodians. The court overruled the objection and granted legal custody of Landon to the paternal grandparents.
 I. {¶ 6} In her first assignment of error, appellant argues the Ohio Revised Code and Juvenile Rules prohibit granting legal custody to a person who has not filed a motion requesting legal custody.
 {¶ 7} The Revised Code contains two statutes concerning dispositional orders. R.C. 2151.353 governs the original disposition of a child who is adjudicated dependent, neglected or abused. The statute permits the court to award legal custody of a child to either parent or to anyone who, prior to the dispositional hearing, files a motion requesting legal custody. Juv. R. 33(A) governing disposition after adjudication mirrors the statutory language.
 {¶ 8} R.C. 2151.415 governs modification and termination of prior dispositional orders. The statute permits a court, inter allia, to place the child in the legal custody of a relative or other interested individual. The statute on modification of dispositional orders does not require the relative or interested individual to first file a motion for legal custody, nor does Juv. R. 34(G) governing modification of temporary orders.
 {¶ 9} In the case of In the Matter of: Katherine MarieAllen, Delaware App. No. 02-CAF-06028, 2002-Ohio-5555, this court reviewed a similar situation. In Allen, this court found the underlying rationale of R.C. 2151.353 is to afford all parties adequate notice of all potential custodians, Allen, at 2 citing In Re: Moorehead (1991), 75 Ohio App. 3d 711,600 N.E. 2d 778. In Allen, we found because the mother received adequate notice of the purpose of the hearing, and was aware of all the potential custodians, the failure of the grandparent to move the court for legal custody was not fatal.
 {¶ 10} Unless circumstances cause a delay, the court will hold the dispositional hearing no more than ninety days after the complaint was filed. The statute governing original dispositional orders requires the party seeking legal custody to file a motion prior to the dispositional hearing so that all parties have adequate notice the court could grant legal custody to a party. The modification of any temporary orders will normally take place some time after the original orders were made, and the parties should know how the case is evolving. Even so, Juv.R. 33(G) requires the court to ensure all parties have proper notice of any modification hearing.
 {¶ 11} Appellee's motion for custody and determination of parental rights and responsibilities filed August 18, 2005 requests legal custody be awarded either to him or to the paternal grandparents. The hearing on this motion did not occur until October 6. Thus, more than five months elapsed between the time Landon was originally removed from the home and the first dispositional hearing. Appellant had sufficient notice the paternal grandparents were potential custodians well in advance of the hearing. In fact, JFS had done a home study at the home of the paternal grandparents. Appellee sometimes resided with them. Prior to the dispositional hearing JFS had approved the paternal grandparent's home as a possible placement for Landon, its only concern being the size of the home. The transcript of the proceedings of the October 6 hearing indicates appellant fully litigated the issue of granting legal custody of Landon to his paternal grandparents.
 {¶ 12} We find appellant received more than sufficient notice of the issues to be addressed in the dispositional hearing. Under the particular facts and circumstances of this case, we find the trial court did not err in granting legal custody of the child to the paternal grandparents even though they had not filed their own motion requesting legal custody.
 {¶ 13} The first assignment of error is overruled.
 II. {¶ 14} In her second assignment of error, mother urges the court abused its discretion when it found granting legal custody to a non-parent was in the best interest of the child.
 {¶ 15} In general, the Supreme Court has always directed us to apply the abuse of discretion standard in cases involving domestic relations, Booth v. Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard specifically applicable to custody proceedings in Miller v.Miller (1988), 37 Ohio St. 3d 71. The Supreme Court has frequently defined the term "abuse of discretion" as implying the court's attitude is unreasonable, arbitrary, or unconscionable,Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217.
 {¶ 16} We have reviewed the record, and we find there is sufficient competent and credible evidence in the record from which the court could conclude the best interest of Landon lay in giving legal custody to the paternal grandparents.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., and Farmer, J., concur.
Hoffman, J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.